**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-1704**

VERISIGN, INCORPORATED,

    Plaintiff - Appellee,

    v.

XYZ.COM LLC; DANIEL NEGARI,

    Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:14-cv-01749-CMH-MSN)

Argued:  March 20, 2018                        Decided:  May 29, 2018

Before WYNN, FLOYD, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion.  Judge Floyd wrote the opinion in which Judge Wynn and Judge Harris joined.

**ARGUED:** Derek Newman, NEWMAN DU WORS LLP, Seattle, Washington, for Appellants.   Randall Karl Miller, VENABLE LLP, Tysons Corner, Virginia, for Appellee.   **ON BRIEF:** Jason B. Sykes, NEWMAN DU WORS LLP, Seattle, Washington, for Appellants.  Nicholas M. DePalma, VENABLE LLP, Tysons Corner, Virginia, for Appellee.

FLOYD, Circuit Judge:

This case arises out of a denial of a motion for an award of attorney fees under the Lanham Act, 15 U.S.C. § 1117(a), which allows a court to award "reasonable attorney fees to the prevailing party" in "exceptional cases." For the reasons that follow, we hold that a prevailing party need only prove an exceptional case by a preponderance of the evidence, rather than by clear and convincing evidence, as the district court below required. We further clarify that a prevailing party need not establish that the losing party acted in bad faith in order to prove an exceptional case. Therefore, we vacate the district court's denial of the motion for attorney fees and remand for the district court's consideration of the motion under the appropriate legal and evidentiary standards.

I.

A.

The facts of this case and the underlying Lanham Act claims are described in detail in our previous opinion affirming the district court's grant of summary judgment to Appellant XYZ.COM LLC ("XYZ"). *See Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292 (4th Cir. 2017). In short, XYZ and Appellee Verisign, Inc. ("Verisign") both sell internet domain names, and are competitors in the top-level domain industry.[1] Verisign operates the .com and .net domains, and in 2014, XYZ began registering domain names ending in

---

[1] A "top-level domain" is the ending of an internet domain name. For example, in the domain name "uscourts.gov," the ".gov" element is the top-level domain. *See Verisign*, 848 F.3d at 295.

.xyz. Verisign sued XYZ, a newcomer to the industry, and its Chief Executive Officer, Daniel Negari, for violations of the Lanham Act. Verisign alleged false advertising based on a false "gold rush" scheme, pursuant to which XYZ and Negari allegedly falsely and misleadingly inflated the number of customers who bought XYZ domain names on its launch day. Verisign alleged that XYZ and Negari falsely claimed that it had sold hundreds of thousands of domain names when, in fact, it had given them away for free. It also claimed that Negari disparaged Verisign by making false claims during an interview and on XYZ's blog about the unavailability of domain names on Verisign's registry.

On November 15, 2015, the district court granted summary judgment in favor of XYZ. With regard to the alleged "gold rush" scheme, the court concluded that the statements regarding XYZ's revenue and number of registrations were true statements and, even assuming they were false, they were not material to consumers. It also concluded that Negari's various statements about the unavailability of domain names were either opinions, statements of fact that had not been shown to be false, or mere puffery. Last, the court concluded that Verisign could not establish damages from the allegedly false statements.

After the district court entered summary judgment in favor of XYZ, XYZ moved for attorney fees under the Lanham Act, 15 U.S.C. § 1117(a). The court stayed consideration of the motion for attorney fees while this Court considered Verisign's appeal of the summary judgment award. We affirmed the district court's grant of summary judgment to XYZ, "agree[ing] with the district court that Verisign failed to present evidence sufficient to show that any of XYZ's challenged statements [regarding

3

both the "gold rush" scheme and the alleged false statements about Verisign's domain name availability] violated the Lanham Act." *Verisign*, 848 F.3d at 299. With regard to the alleged "gold rush" scheme, we affirmed summary judgment on the sole ground that Verisign failed to establish that it suffered an injury "flowing directly from the challenged statements." *Id.* We affirmed summary judgment on the claim that XYZ falsely disparaged the availability of Verisign's domain names on the ground that the statements constituted "opinion or puffery, not statements of fact on which reasonable consumers could rely." *Id.* at 303.

## B.

After we affirmed the award of summary judgment to XYZ, the district court considered XYZ's motion for attorney fees under the Lanham Act. Under the Lanham Act, 15 U.S.C. § 1117(a), the "court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Georgia-Pacific Consumer Products LP v. von Drehle Corp.*, 781 F.3d 710, 719–21 (4th Cir. 2015), involving a motion for attorney fees under the Lanham Act, we adopted the Supreme Court's interpretation of an "exceptional case" in an identical provision of the Patent Act in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). Relying on *Octane Fitness*, we concluded that

> a district court may find a case 'exceptional' and therefore award attorneys fees to the prevailing party under § 1117(a) when it determines, in light of the totality of the circumstances, that (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

4

*Georgia-Pacific*, 781 F.3d at 721 (internal citations & quotation marks omitted).

On May 3, 2017, the district court denied XYZ's motion. In so doing, it held that under the Lanham Act, a prevailing party seeking attorney fees must prove its entitlement to fees with clear and convincing evidence. It then went through the *Georgia-Pacific* factors to analyze whether XYZ had proven that the case was "exceptional," and concluded that XYZ had failed to establish its case with clear and convincing evidence. *See* J.A. 1486 ("Defendants must prove its [sic] claims with clear and convincing evidence. Defendants failed to meet that standard of proof on this factor."); J.A. 1487 ("Again, Defendants have not met their burden to prove with clear and convincing evidence that Plaintiff's case was exceptional."); J.A. 1486–87 ("Defendants argue that Plaintiff abused discovery, but the evidence does not *overwhelmingly* support this claim." (emphasis added)). The court suggested that evidence of bad faith or independently sanctionable conduct was required in order to prove an exceptional case. J.A. 1485 (stating that a "case is exceptional if the non-prevailing party's conduct was malicious, fraudulent, willful, or deliberate." (citation omitted)). It also stated that under the first *Georgia-Pacific* factor, "[u]nless a claim or defense is so unreasonable that no reasonable litigant would make it, an award of attorney fees is not warranted . . . ." J.A. 1486. XYZ now appeals, arguing that the district court erred in applying a clear and convincing

evidentiary standard and in requiring that XYZ prove that Verisign acted in bad faith in order for an award of attorney fees to be warranted.[2]

## II.

### A.

We review the grant or denial of attorney fees under the Lanham Act under an abuse of discretion standard. *Shell Oil Co. v. Commercial Petroleum*, 928 F.2d 104, 108 n.6 (4th Cir. 1991). "A district court abuses its discretion if it relies on an error of law or a clearly erroneous factual finding." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 384 (4th Cir. 2017) (quoting *Equal Emp't Opportunity Cmm'n. v. Freeman*, 778 F.3d 463, 466 (4th Cir. 2015)). XYZ argues that the district court relied on an error of law because, under *Octane Fitness*, a prevailing party need only prove that a case is exceptional under the Lanham Act by a preponderance of the evidence, and not, as the district court required, clear and convincing evidence. We agree.

We are persuaded that *Georgia-Pacific* and *Octane Fitness* together require a party to prove that a case is an "exceptional case" under § 1117(a) of the Lanham Act by a preponderance of the evidence, using the factors identified in *Georgia-Pacific*. Though we did not address the burden of proof for proving a Lanham Act "exceptional case" in

---

[2] XYZ also argues that the district court erred by failing to consider its circumstantial evidence of Verisign's improper motive. Because we vacate and remand for the district court's determination of the evidence under the correct legal standard, we decline to address this argument.

*Georgia-Pacific*, we specifically noted that the language in the Patent Act was identical to the language in § 1117(a), and thus "conclude[d] that there is no reason not to apply the *Octane Fitness* standard when considering the award of attorneys fees under § 1117(a)." 781 F.3d at 721; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314–15 (3d Cir. 2014) (holding that *Octane Fitness*'s interpretation of an "exceptional" case under the Patent Act controls its interpretation under § 1117(a) because the language is identical and because Congress referenced the Patent Act in passing § 1117(a)). Because we have already adopted the *Octane Fitness* standard for awarding these fees, we see no reason not to adopt the *Octane Fitness* burden of proof as well. And in *Octane Fitness*, the Supreme Court explicitly rejected a clear and convincing evidentiary standard for Patent Act cases in favor of a preponderance of the evidence standard. 134 S. Ct. at 1758. Thus, *Georgia-Pacific* and *Octane Fitness* require a party to prove an "exceptional case" by a preponderance of the evidence.

Although we find the language in *Georgia-Pacific* sufficient to require the adoption of the preponderance of the evidence standard here, we are also convinced that this burden of proof is the correct one. This is especially so because we are convinced that the Supreme Court's reasoning for adopting a preponderance of the evidence standard in the Patent Act provision also applies to the fee provision in the Lanham Act. The Supreme Court explained that it had "not interpreted comparable fee-shifting statutes to require proof of entitlement to fees by clear and convincing evidence," and the plain language did not justify such a burden because the statute "demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high

7

one." *Id.* Here, the plain language of the Lanham Act is identical to that of the statute interpreted in *Octane Fitness*, and also "demands a simple discretionary inquiry" with no high evidentiary burden. The Supreme Court also noted that the preponderance of the evidence standard "is the 'standard generally applicable in civil actions,' because it 'allows both parties to share the risk of error in roughly equal fashion.' " *Id.* (quoting *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983)). We likewise see no reason to depart from this generally applicable standard in cases seeking attorney fees under the Lanham Act.

Our holding that a preponderance of the evidence standard applies to the "exceptional case" analysis under the Lanham Act also comports with the trend in other circuits to apply *Octane Fitness* to motions for attorney fees under the Lanham Act. The Fifth and Ninth Circuits have explicitly held that *Octane Fitness*'s preponderance of the evidence standard applies when establishing an exceptional case under the Lanham Act. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc); *Baker v. DeShong*, 821 F.3d 620, 624 (5th Cir. 2016). Although the Third, Sixth, Eleventh, and Federal Circuits have not explicitly embraced the preponderance of the evidence standard, they have also concluded that *Octane Fitness* applies to Lanham Act cases without applying a different standard. *See Tobinick v. Novella*, 884 F.3d 1110, 1117–18 (11th Cir. 2018) (noting that *Octane Fitness* applied a preponderance of the evidence standard to Patent Act cases); *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1334–36 (Fed. Cir. 2017); *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 317–318 (6th Cir. 2015); *Fair Wind Sailing*,

8

764 at 313–315.[3] We now take this occasion to join our sister circuits that have adopted *Octane Fitness*'s preponderance of the evidence standard in Lanham Act attorney fee cases.

Because we now hold that an award of attorney fees under § 1117(a) of the Lanham Act requires that a party prove an "exceptional case" by a preponderance of the evidence, we hold that the district court abused its discretion in requiring XYZ to prove its case with clear and convincing evidence.

B.

Verisign does not contest that a preponderance of the evidence standard applies to this inquiry. Rather, it argues that XYZ's motion fails under any standard, and thus the district court's error was at most harmless and should be affirmed. Verisign argues that because the district court found that XYZ's evidence was nothing more than "speculation," this would fail any standard of proof because speculation is inadmissible, and thus remand is not warranted. Because the trial court should evaluate the record

---

[3] We are unaware of any circuit that has expressly rejected the application of *Octane Fitness* to Lanham Act cases. The Second Circuit has not yet decided whether *Octane Fitness* applies to Lanham Act cases. *See Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equip., Ltd.*, 716 F. App'x 5, 17 (2d Cir. 2017) (declining to address whether district court erred in requiring bad faith for award of attorney fees in light of *Octane Fitness*); *Penshurst Trading Inc. v. Zodax L.P.*, 652 F. App'x 10, 12 (2d Cir. 2016) (assuming without deciding that *Octane Fitness* applies to Lanham Act cases). The Seventh Circuit recently addressed a motion for attorney fees under the Lanham Act without mentioning *Octane Fitness* at all. *Burford v. Accounting Practice Sales, Inc.*, 786 F.3d 582, 588–89 (7th Cir. 2015).

9

evidence under the correct legal standard in the first instance, we decline to affirm the denial of XYZ's motion on the ground that it constituted harmless error.

"Generally, when a trial court applies the incorrect burden of proof in a civil case, appellate courts remand the case for a determination under the appropriate standard." *Humphrey v. Humphrey*, 434 F.3d 243, 247 (4th Cir. 2006); *see also id.* (noting that an error in applying an improperly heightened burden of proof is a "serious one because 'the proper allocation of the burden of proof is an important procedural right.' " (quoting *Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 292 (Fed. Cir. 1993))). "Remand seems especially prudent when, as here, the district court may have employed too high a burden of proof" and the "best course" is generally "to require the trier of fact to re-examine the record in light of the proper legal standard." *Id.* at 248 (citations & quotation marks omitted). However, "when a trial court applies the wrong legal test or quantum of proof, an appellate court may resolve the case without remanding if the evidence would inevitably produce the same outcome under the correct standard." *Id.*

In this case, we cannot say that the evidence would inevitably produce the same outcome under the correct standard. Given the district court's lack of analysis of the evidence presented by XYZ, its repeated emphasis that XYZ had not proven its case with clear and convincing evidence, and the requirement that it must make its decision on a "case-by-case exercise of [its] discretion, considering the totality of the circumstances," *Octane Fitness*, 134 S. Ct. at 1756, we decline to hold that it would inevitably reach the same conclusion applying a lesser evidentiary standard, particularly when considering any possible motives Verisign might have had, like eliminating a new competitor through

10

expensive litigation. *See, e.g.*, *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 962–63 (7th Cir. 2010) (holding in a pre-*Octane Fitness* case that an example of an exceptional case is when a business uses Lanham Act litigation "to obtain a competitive advantage independent of the outcome of the case by piling litigation costs on a competitor," especially when the plaintiff is the larger business).

To be clear, we express no opinion on the merits of XYZ's motion for attorney fees; we simply conclude that there is no reason to depart from the general practice of allowing the trier of fact to examine the record under the correct legal standard and make the determination in the first instance. *See Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) ("[W]e are a court of review, not of first view.") (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). Therefore, we vacate the district court's decision and remand for consideration under the preponderance of the evidence standard.

III.

We next turn to XYZ's argument that the district court erroneously imposed a "bad faith" requirement in order to prove that a case is exceptional. Although it is unclear from the district court's opinion whether it did in fact impose a bad faith requirement, we now clarify that the losing party's conduct need not have been independently sanctionable or taken in bad faith in order to merit an award of attorney fees to the prevailing party under the Lanham Act.

In *Octane Fitness*, the Supreme Court made clear that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's

11

litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated," and that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." 134 S. Ct. at 1756. It explicitly rejected the Federal Circuit's narrow interpretation that "a case is 'exceptional' only if a district court either finds litigation-related misconduct of an independently sanctionable magnitude or determines that the litigation was both 'brought in subjective bad faith' and 'objectively baseless,' " concluding that "[t]his formulation superimposes an inflexible framework onto statutory text that is inherently flexible." *Id.* at 1756.

Although this Court looks to the *Georgia-Pacific* factors to determine whether a case is "exceptional," *Georgia-Pacific* did not make explicit that evidence of bad faith or independently sanctionable conduct is not required for a prevailing party to prove an exceptional case, and thus we take the opportunity to do so here. The Supreme Court made clear that "sanctionable conduct is not the appropriate benchmark," and that a "district court may award fees in the rare case in which a party's unreasonable conduct— while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1756–57. It also held that "a case presenting *either* subjective bad faith *or* exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757 (emphasis added); *see also Fair Wind Sailing, Inc.*, 764 F.3d at 315 (concluding that under *Octane Fitness*, a district court's discretion in determining exceptionality under the Lanham Act "is not cabined by a threshold requirement that the losing party acted culpably").

12

In light of the Supreme Court's holding that subjective bad faith is not required to establish an exceptional case, we also take this opportunity to address our previous statement from *Retail Services, Inc. v. Freebies Publishing*, 364 F.3d 535 (4th Cir. 2004), which pre-dated *Octane Fitness* and *Georgia-Pacific*, that under the Lanham Act, "[a] prevailing plaintiff seeking attorney fees must demonstrate 'that the defendant acted in bad faith,'" but "when an alleged infringer is the prevailing party, he can qualify for an award of attorney fees upon a showing of 'something less than bad faith' by the plaintiff." *Id.* at 550 (quoting *Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594, 599 (4th Cir. 1992)). Although *Octane Fitness* dealt with a motion for attorney fees brought by a prevailing defendant, the Supreme Court made no distinction between prevailing plaintiffs and defendants in announcing that an "exceptional case" need not include a showing of bad faith or independently sanctionable conduct. *See Octane Fitness*, 134 S. Ct. at 1756–57 ("Under the standard announced today, a district court may award fees in the rare case in which a *party's* unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" (emphasis added)); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522 (1994) (rejecting Ninth Circuit's differential treatment of prevailing plaintiffs and defendants under the Copyright Act because the statutory language—"the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"—"gives no hint that successful plaintiffs are to be treated differently from successful defendants"). And in *Exclaim Marketing, LLC, v. DirecTV, LLC*, 674 F. App'x 250, 260 (4th Cir. 2016), we held—albeit in an unpublished opinion—that "nothing in [*Georgia Pacific* or

13

*Octane Fitness*] suggests that the *Octane Fitness* analysis should not also apply when a plaintiff successfully prosecutes an infringement claim," because "[c]ommon sense confirms that both parties are equally capable of taking unreasonable positions or litigation strategies[.]" We therefore clarify that *Retail Services*'s dual standard is no longer sound law after *Octane Fitness* and *Georgia-Pacific* insofar as it requires a prevailing plaintiff to prove that the defendant acted in bad faith in order to win an award of attorney fees, and *Octane Fitness* and *Georgia-Pacific*'s exceptional case analyses apply with equal force to prevailing defendants and plaintiffs.

The district court here began its analysis by quoting *Retail Services* and stating that a "case is exceptional if the non-prevailing party's conduct was malicious, fraudulent, willful, or deliberate." J.A. 1485 (quoting *Retail Servs.*, 364 F.3d at 550). The district court then analyzed the *Georgia-Pacific* factors, but largely concluded only that under each factor, XYZ had failed to establish that Verisign acted in bad faith or with improper motive, or had engaged in sanctionable conduct. *See* J.A. 1486 (stating that "[u]nless a claim or defense is so unreasonable that no reasonable litigant would make it, an award of attorney fees is not warranted under the first [*Georgia-Pacific*] factor");[4] *id.*

---

[4] XYZ argues that the "Supreme Court rejected the 'no reasonable litigant' standard in *Octane Fitness*." Reply Br. 2. "No reasonable litigant" is the standard for "objectively baseless" cases as articulated in *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011), which was expanding upon *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005). In *Octane Fitness*, the Supreme Court rejected the *Brooks Furniture* line of cases as "overly rigid," but its conclusion regarding the "objectively baseless" category of cases was simply that the Federal Circuit was "too restrictive" in allowing exceptional cases only when "the litigation is objectively baseless *and* . . . the plaintiff brought it in subjective bad faith." 134 S. Ct. at (Continued)

(stating that "Defendants have speculated that Plaintiff filed this suit to harass and deter competition"); *id.* (explaining that under the second *Georgia-Pacific* factor, "the prevailing part[y] must show egregious conduct such as a false declaration"); J.A. 1487 (concluding that on the third factor, "Defendants offer speculation as to Plaintiff's motive in filing this case, but that is not sufficient proof to obtain an award of attorney fees").

In light of *Octane Fitness*'s rejection of the bad faith standard, we now hold that a prevailing party need not establish bad faith or independently sanctionable conduct on the part of the non-prevailing party in order to be entitled to attorney fees under the Lanham Act. To the extent that the district court required otherwise, we hold that it abused its discretion.

---

1756–57 (emphasis in original). In other words, it rejected the Federal Circuit's requirement of both subjective bad faith and objective baselessness as overly narrow, but did not explicitly reject the Federal Circuit's definition of "objectively baseless" as litigation that is "so unreasonable that no reasonable litigant could believe it would succeed." *Id.* at 1754, 1756–57. We therefore clarify that the "no reasonable litigant" standard can be used as an example of a case that might be exceptional, but a prevailing party is not *required* to establish objective baselessness in order to receive attorney fees under the first factor. *See Georgia-Pacific*, 781 F.3d at 721 (allowing for attorney fees when there is an "unusual discrepancy in the merits of the positions taken by the parties, . . . based on the non-prevailing party's position as either frivolous or objectively unreasonable").

15

## IV.

For the foregoing reasons, the decision of the district court denying XYZ's motion for attorney fees is

*VACATED AND REMANDED.*