**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2485**

DERRICK QUINN,

            Plaintiff - Appellant,

      v.

COPART OF CONNECTICUT, INC.,

            Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Timothy M. Cain, District Judge.  (7:18-cv-01900-TMC)

Submitted:  September 20, 2019                    Decided:  November 14, 2019

Before NIEMEYER, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Thomas Hawkins, Helena LeeAnn Jedziniak, HAWKINS & JEDZINIAK, LLC, Greenville, South Carolina, for Appellant.  Matthew S. Brown, LITTLER MENDELSON, P.C., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Quinn filed an employment discrimination suit against Copart of Connecticut, Inc. ("Copart"), in the South Carolina Court of Common Pleas, alleging three claims for relief: (1) gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2019); (2) age discrimination, in violation of Title VII[*]; and (3) hostile work environment and termination based upon his age and/or race and/or sex. Following timely removal of the action to federal court, Copart moved to dismiss the action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Quinn moved for summary judgment on the ground that Copart had failed to timely respond to his requests for admission (RFAs), which he argued must be deemed admitted.

Following a report and recommendation by the magistrate judge, the district court adopted the magistrate judge's recommendation, granted Copart's motion to dismiss, and denied as moot Quinn's motion for summary judgment. The district court reasoned that, to comply with S.C. R. Civ. P. 3(a), governing commencement of civil actions, Quinn was required to serve his summons and complaint on Copart within either the statute of limitations applicable to Title VII and ADEA claims—that is, 90 days after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC)—or within 120 days of filing the summons and complaint in state court. Quinn appeals the

---

[*] Title VII does not provide a cause of action for age discrimination. Instead, age discrimination is prohibited under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 621-634 (West 2012 & Supp. 2019).

district court's judgment, challenging both the Rule 12(b)(5) dismissal and the denial of his summary judgment motion. Finding no reversible error, we affirm.

We review for abuse of discretion the district court's dismissal for insufficient service of process under Rule 12(b)(5). *See Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993). "A district court abuses its discretion if it relies on an error of law or a clearly erroneous factual finding." *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 484 (4th Cir. 2018) (internal quotation marks omitted).

On appeal, Quinn does not challenge the district court's determination that the requirements for proper service in a removal case are governed by state law, and thus that S.C. R. Civ. P. 3(a) applied to his action. *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 290 (4th Cir.) ("[C]ontentions not raised in the argument section of the opening brief are abandoned." (internal quotation marks omitted)), *cert. denied*, 139 S. Ct. 607 (2018). Rule 3(a) provides that "[a] civil action is commenced" by the filing of the summons and complaint if one of two conditions also are met: "(1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than [120] days after filing." Quinn timely filed his summons and complaint on September 11, 2017, but did not serve Copart until June 15, 2018, 277 days later.

Title VII requires that an aggrieved person file a civil action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1) (2012); *see also* 29 U.S.C. § 626(e) (providing 90-day period for filing ADEA claims). Quinn asserts that

the 90-day period should not be treated as a statute of limitations for purposes of Rule 3(a). We find his arguments unpersuasive.

A statute of limitations is "[a] law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." Black's Law Dictionary 1636 (10th ed. 2009). It is well settled that a Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his claims. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-51 (1984) (per curiam); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653-54 (4th Cir. 1987).

We have explicitly recognized that the 90-day requirement is "in the nature of a statute-of-limitations defense." *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (discussing 90-day period applicable to Title VII claims against Federal Government); *see Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (characterizing 90-day period as "limitations period"); *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1094 (4th Cir. 1982) (explaining that "the issuance of a 'right to sue' notice initiates the running of the statute of limitations for private actions" under Title VII). This characterization is in agreement with the opinions of various other circuits. *See, e.g.*, *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2001).

4

Quinn's reliance on *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982), is misplaced, as the language he cites addresses a different time limitation applicable to Title VII administration exhaustion. *See id.* at 394, 398. More fundamentally, providing informal notice to opposing counsel simply is not an adequate substitute for timely and proper service of the complaint on an opposing party. We also are unpersuaded by Quinn's arguments that treating the 90-day period as a statute of limitations would lead to absurd results. *See Stewart v. Iancu, C.A.*, 912 F.3d 693, 699, 701, 705-06 (4th Cir. 2019) (discussing requirement of right-to-sue letter and limited exception for claims "reasonably related" to previously exhausted claims); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110-11 (9th Cir. 2018) (recognizing that 180-day period under 42 U.S.C. § 2000e-5(f)(1) does not commence statute of limitations). In short, we find no gross injustice in enforcing the requirement of timely service under the circumstances presented here.

For the first time in reply, Quinn asserts that he is entitled to equitable tolling of the 90-day statute of limitations. Because Quinn did not attempt to raise an equitable tolling argument in the district court or in his opening appellate brief, this issue is not properly before us. *See Abdul-Mumit*, 896 F.3d at 290; *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Our settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)). Thus, we find no abuse of discretion in the district court's Rule 12(b)(5) dismissal.

Quinn asserts that the district court's dismissal order violates his constitutional rights to a jury trial and to equal protection. Quinn did not raise these issues at any point

5

in the district court. *See Under Seal*, 749 F.3d at 285. We will consider newly raised issues "only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *see Under Seal*, 749 F.3d at 285 (permitting reversal "only if the newly raised argument establishes fundamental error or a denial of fundamental justice" (internal quotation marks omitted)). However, we find no such exceptional circumstances here. Notably, Quinn's constitutional arguments were readily available to him in the district court, as he could have raised these arguments prospectively in opposing Copart's motion to dismiss or in objecting to the magistrate judge's recommendations. Thus, we decline to address these issues in the first instance.

Quinn also argues that the district court should have granted his motion for summary judgment based on Copart's failure to respond to his RFAs. Although he argues the merits of his motion, he fails to challenge the district court's dispositive conclusion that his motion was rendered moot by the court's Rule 12(b)(5) dismissal. *See Abdul-Mumit*, 896 F.3d at 290. In any event, the district court plainly could not grant summary judgment in favor of Quinn when his action was subject to dismissal for insufficient service of process because it was never properly commenced. We therefore decline to consider the parties' arguments addressing the merits of the summary judgment motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6