**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2353**

EXPRESS HOMEBUYERS USA, LLC,

        Plaintiff - Appellant,

and

LAWRENCE BRADFORD CHANDLER, III,

        Counter Defendant - Appellant,

    v.

WBH MARKETING, INC.,

        Defendant - Appellee,

and

JEREMY BRANDT,

        Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:17-cv-00736-TSE-IDD)

Submitted: October 21, 2019                 Decided: November 15, 2019

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

––––––––––––––––––

Ugo Colella, Washington, D.C., John J. Zefutie, Jr., CULHANE MEADOWS PLLC, Princeton, New Jersey, for Appellants. Damon W.D. Wright, Mitchell Y. Mirviss, VENABLE LLP, Washington, D.C., for Appellee.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this trademark case, Express Homebuyers USA, LLC ("Express"), appeals the district court's order denying its motion for costs and attorney's fees under 15 U.S.C. § 1117(a) (2012).[1] Express, which commenced this action against WBH Marketing, Inc. ("WBH"), prevailed at summary judgment, securing both a declaration that two of WBH's registered trademarks were subject to cancellation and a judgment denying relief on WBH's several counterclaims. Express then filed its § 1117(a) motion, arguing that WBH's defenses, counterclaims, and reconsideration motion were frivolous or objectively unreasonable, and that considerations of compensation and deterrence supported an award of legal fees. Marching through each of Express' arguments, the court agreed that some of WBH's positions had been unreasonable, but ultimately concluded that the action as a whole was not so exceptional that attorney's fees were warranted. Finding no abuse of discretion, we affirm the district court's order.

The Lanham Act provides that, "in exceptional [trademark] cases," the district court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In this context, "exceptional" means, among other things, that "there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable," or that "there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence."

---

[1] For ease of reference, we refer only to Express when discussing the § 1117(a) motion jointly filed by Express and its CEO, Lawrence Bradford Chandler, III.

3

*Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 483-84 (4th Cir. 2018) (internal quotation marks omitted). "[A] prevailing party need only prove that a case is exceptional under the Lanham Act by a preponderance of the evidence." *Id.* at 484. In deciding whether the prevailing party has met its burden, the district court must consider "the totality of the circumstances." *Id.* at 483 (internal quotation marks omitted). On appeal, we review for abuse of discretion a decision to deny a motion for attorney's fees under the Lanham Act, *id.* at 484, but only for clear error "the district court's underlying finding as to whether the case is exceptional," *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 441 (4th Cir. 2011) (internal quotation marks omitted).

At summary judgment, Express argued, and the district court agreed, that WBH's marks were generic and, thus, not entitled to trademark protection. Subsequently, in its § 1117(a) motion, Express claimed that WBH's defense of its marks was frivolous or objectively unreasonable, citing the dearth of evidence supporting WBH's position that the marks were not, in fact, generic. The court declined to accept this characterization of WBH's defense, reasoning that the United States Patent and Trademark Office's decision to issue trademark registrations to WBH weighed strongly against an exceptional case finding. *See Am. Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001) (holding that trademark "registrant obtains prima facie evidence that its mark is not generic in the eyes of the relevant public, and that its mark is not merely descriptive, but at a minimum is descriptive and has obtained secondary meaning" (citation, emphasis, and internal quotation marks omitted)).

4

On appeal, Express contends that, contrary to the district court's holding, a trademark owner cannot evade an exceptional case finding solely by relying on its validly registered trademark. However, based on our review of the court's analysis, we conclude that the court regarded the registrations as highly probative, but not dispositive. Thus, we reject Express' assertion that the district court created a per se rule that a party's defense of its registered trademark always is objectively reasonable, even if the mark later proves to be generic.

Next, Express argues that four of WBH's counterclaims were objectively unreasonable, insisting that they were doomed to fail because WBH lacked evidence to establish indispensable elements of each claim. As to two of these counterclaims—concerning allegedly defamatory statements made by Express—the district court agreed that the statements at issue were nonactionable bluster or opinion, yet the court indicated that a reasonable litigant might nevertheless assert that the comments were factual in nature. Contrary to Express' argument, we discern no inconsistency in the court's conclusion that a litigant might reasonably press a claim that is subsequently found to lack merit.

As to the other two counterclaims, the district court determined that, even if these claims were objectively unreasonable because WBH could not prove damages, this shortcoming did not render the entire case exceptional. Similarly, while the court acknowledged that WBH advanced clearly meritless arguments regarding the burden of proof for establishing genericness and the admissibility of certain evidence, it determined that such isolated missteps did not transform this case from ordinary to exceptional. Given

5

the court's charge to view the litigation *in toto*, we discern no impropriety in its conclusion that a handful of unreasonable arguments failed to convert the entire case into an unreasonable or exceptional one.[2]

Finally, Express contests the district court's determination that considerations of deterrence and compensation did not support an exceptional case finding. In our view, however, the court reasonably concluded that the general principle of promoting trademark enforcement outweighed any benefits that might derive from penalizing WBH for its unreasonable litigation positions. Ultimately, the court developed a "superior understanding of the litigation" through its resolution of the parties' claims, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and, based on our review of the record, we cannot say that the court abused its discretion in denying Express' motion for attorney's fees.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] While Express complains that the district court considered "the action as a whole," *Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 551 (4th Cir. 2004), *abrogated on other grounds by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), rather than "the totality of the circumstances," *Verisign*, 891 F.3d at 483 (internal quotation marks omitted), we discern no material difference between these standards, both of which require a broad, holistic approach.

6