THACKER, Circuit Judge:
This appeal arises from the dismissal of three consumer actions based on Virginia state law claims. The actions focus on a series of misrepresentations made by Hyundai Motor America ("Hyundai") regarding the Environmental Protection Agency ("EPA") estimated fuel economy for the 2011, 2012, and 2013 models of the Hyundai Elantra. A Judicial Panel on Multidistrict Litigation ("JPML") consolidated dozens of similar consumer suits in the United States District Court for the Central District of California (the "MDL court"). But the JPML remanded to the United States District Court for the Western District of Virginia the three actions at issue in this appeal: Gentry v. Hyundai Motor Am., Inc. , No. 3:13-cv-00030; Adbul-Mumit v. Hyundai Motor Am., Inc. , No. 3:14-cv-00005; and Abdurahman v. Alexandria Hyundai, LLC , No. 3:14-cv-00002.
The Western District of Virginia dismissed with prejudice the claims in all three actions, save one claim in the Gentry action, for failure to satisfy federal pleading standards. Because one claim remains pending before the district court, we dismiss the Gentry appeal for lack of jurisdiction. We affirm the district court's dismissal of the Adbul- Mumit and Abdurahman actions and its denial of the plaintiffs' post-dismissal request for leave to amend their complaints in those actions.
I.
A.
In 2011 and 2012, a series of Hyundai advertisements claimed that 2011-2013 models of the Hyundai Elantra delivered an EPA fuel economy rating of 40 miles per gallon. But according to the United States Department of Justice and the California Air Resources Board, Hyundai used improper testing parameters to calculate greenhouse gas emissions. See United States v. Hyundai Motor Co. , 77 F.Supp.3d 197, 198-99 (D.D.C. 2015). Hyundai used those parameters to compute an inaccurate fuel economy estimate. On November 2, 2012, after discussions with the EPA, Hyundai issued a press release adjusting the fuel economy rating "by one or two mpg" for "most vehicle[s]."
*288 J.A. 398.[1] Hyundai ultimately agreed to pay the largest civil penalty in the history of the Clean Air Act: $93,656,600 to the United States and $6,343,400 to the California Air Resources Board. See Hyundai and Kia Clean Air Act Settlement , EPA, https://www.epa.gov/enforcement/hyundai-and-kia-clean-air-act-settlement (June 19, 2018) (saved as ECF opinion attachment). Hyundai also forfeited greenhouse gas emissions credits valued "in excess of $200 million." Id.
B.
Numerous consumer lawsuits followed. On February 6, 2013, the JPML consolidated more than 50 suits in the Central District of California. Shortly after consolidation, plaintiffs in several consumer suits claimed to have reached a settlement with Hyundai for a single nationwide class. The proposed class consisted of "[a]ny individual who owned or leased a Class Vehicle on or before November 2, 2012." J.A. 1061. The proposed settlement permitted class members to either take a lump sum payment or participate in a reimbursement program offered by Hyundai.
In late 2013 and early 2014, consumers in Virginia filed the three actions at issue in this appeal, alleging state law consumer protection claims. Each asserts the same three Virginia state law causes of action: (1) a Lemon Law claim;[2] (2) a Virginia Consumer Protection Act claim; and (3) a false advertising claim. Gentry involves a class action complaint with five named plaintiffs filed in the District Court for the Western District of Virginia on August 13, 2013. The named plaintiffs purport to represent a class of similarly situated consumers who purchased Elantras in Virginia. Abdurahman and Adbul-Mumit are mass tort actions filed in Virginia state court on December 18, 2013, and January 10, 2014, respectively. These two actions were removed to the Western District of Virginia in early 2014. Hyundai moved to dismiss the complaints in all three actions.
In June 2014, before the district court ruled on the motions to dismiss, the JPML transferred Gentry , Adbul-Mumit , and Abdurahman to the MDL court in the Central District of California so as to participate in the ongoing settlement efforts. And, in 2015, the MDL court certified a class for settlement purposes and approved the settlement that permitted class members to either take a lump sum payment or participate in a reimbursement program offered by Hyundai. The JPML later entered remand orders on September 9, 2015, with respect to Gentry , Adbul-Mumit , and Abdurahman , remanding to the Western District of Virginia all plaintiffs who either (1) opted out of the settlement or (2) were not members of the certified class (i.e. , individuals who purchased Elantras after November 2, 2012).
C.
Upon remand to the Western District of Virginia, the parties filed status reports with the district court. In its status report, Hyundai asserted, "[T]he current complaints are outdated and will only promote confusion going forward" because the complaints "include a mix of pre- and post November 2, 2012 consumers, as well as many settlement class members who did not opt out of the settlement." Hyundai Status Report at 6, *289 Gentry v. Hyundai Motor Am. , No. 3:13-cv-00030 (W.D. Va. Aug. 14, 2013; filed Jan. 8, 2016) ECF No. 82.[3] Thereafter, on June 21, 2016, the district court allowed the plaintiffs in each action 21 days to amend their respective complaints, observing that "the complaints now may be stale and in need of updating." Order to Confer at 2, Gentry , ECF No. 86 (filed June 21, 2016). Of note, the district court warned that, if the plaintiffs declined to amend, "the original complaints will be deemed operative" and Hyundai may "renew[ ] their original motions to dismiss." Id. at 3. The 21 day deadline passed without amendment.
Nonetheless, the district court granted plaintiffs an additional 20 days to amend. The district court noted that Hyundai had "sought [clarification] from Plaintiffs for almost two years" and that the "cases ha[d] lingered in a state of inactivity for too long." Order Granting Extension at 2, Gentry , ECF No. 89 (filed July 22, 2016). The district court again warned that it did "not intend to further extend this deadline" and that the "prior complaints [will] become operative" if the plaintiffs failed to amend. Id. at 3. Once again, the plaintiffs failed to amend.
On August 22, 2016, Hyundai moved to dismiss all pending claims in Gentry , Adbul-Mumit , and Abdurahman . On January 23, 2017, the district court granted the motion in part, dismissing all claims with the exception of one claim in the Gentry action. In doing so, the district court observed that the complaints did not satisfy the Federal Rule of Civil Procedure 8(a)(2) pleading standard, as explained in Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal , 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Specifically, the district court held that the complaints "fail[ed] to identify the factual basis for claims by any plaintiff or identify the plaintiffs themselves in the body of the pleading." J.A. 1471 (internal quotation marks omitted). The district court also articulated several Virginia state law grounds for dismissal. See id. at 1473 ("Aside from insufficient pleading, there are additional legal bases to dismiss the ... claims.").
The plaintiffs filed a motion to reconsider and sought leave to amend their dismissed complaints. At no point throughout the entirety of the litigation, however, did the plaintiffs provide the district court with proposed amended complaints. The district court denied the motion to reconsider, and the plaintiffs in each action filed a timely notice of appeal. We consolidated the appeals.
II.
Appellate Jurisdiction
At the outset, we must determine the extent of our jurisdiction. In consolidated appeals, "each constituent case must be analyzed individually ... to ascertain jurisdiction." Hall v. Hall , --- U.S. ----, 138 S.Ct. 1118, 1128, 200 L.Ed.2d 399 (2018) ; see Tri-State Hotels, Inc. v. F.D.I.C. , 79 F.3d 707, 711 (8th Cir. 1996) ("[W]hen ... the consolidation is an arrangement for joint proceedings and convenience, then each suit retains its individual nature, and appeal in one suit is not precluded solely because the other suit is still pending before the district court." (internal quotation marks and citation omitted) ); Americana Healthcare Corp. v. Schweiker , 688 F.3d 1072, 1083 (7th Cir. 1982) (determining appellate jurisdiction of each action consolidated on appeal). This *290 court possesses jurisdiction over appeals "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision "is one that ends the litigation ... and leaves nothing for the court to do but execute judgment." Calderon v. GEICO Gen. Ins. Co. , 754 F.3d 201, 204 (4th Cir. 2014) (quoting Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs , 571 U.S. 177, 183, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014) ).
We possess jurisdiction over the Adbul-Mumit and Abdurahman appeals because the district court dismissed those actions in their entirety. See J.A. 1477 ("[T]he motions to dismiss those cases will be granted."). But with respect to the Gentry appeal, one claim remains pending before the district court. Counsel for Gentry concedes that the district court did not enter a final order in that action. Oral Argument at 12:50, Adbul-Mumit v. Alexandria Hyundai, LLC , No. 17-1582 (4th Cir. May 9, 2018) http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. Mr. Gentry nonetheless urges us to exercise jurisdiction over his appeal to "correct" a jurisdictional mistake of the district court. Id . He alleges that the district court dismissed claims that were never remanded to the Western District of Virginia by the MDL court. The record belies this allegation. The district court correctly noted, "Mr. Gentry is the only remaining ... plaintiff" in the Gentry action because "the other four named class representatives were not remanded by the MDL." J.A. 1451. Accordingly, we dismiss the Gentry appeal for lack of appellate jurisdiction.
III.
Twombly and Iqbal
We turn to the remaining Adbul-Mumit and Abdurahman appeals.[4] The district court dismissed those actions for failure to satisfy the federal pleading standards pursuant to Bell Atl. Corp. v. Twombly , 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal , 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Yet Appellants make no reference to Twombly or Iqbal in either their opening or reply briefs. Instead, Appellants rely upon their challenges to the district court's alternate grounds for dismissal, which rest on Virginia state law. We must therefore determine whether Appellants abandoned a challenge to the district court's dismissal of the complaints pursuant to Twombly and Iqbal .
This court makes "no habit of venturing beyond the confines of the case on appeal to address arguments the parties have deemed unworthy of orderly mention." United Statesv. Holness , 706 F.3d 579, 591-92 (4th Cir. 2013). We apply abandonment and waiver principles to "provide a substantial measure of fairness and certainty to the litigants who appear before us." Id . at 592. Accordingly, "contentions not raised in the argument section of the opening brief are abandoned." United States v. Al-Hamdi , 356 F.3d 564, 571 n.8 (4th Cir. 2004). Whether to decide pertinent, unraised arguments is a matter vested to our discretion. See Rice v. Rivera , 617 F.3d 802, 808 n.4 (4th Cir. 2010) ; A Helping Hand, LLC v. Baltimore Cty. , 515 F.3d 356, 369 (4th Cir. 2008).
On this record, we decline to invent an argument in support of Appellants' complaints. The district court could not have been more clear that Appellants' failure to satisfy federal pleading standards constituted an independent basis for dismissal. Indeed, the order contained a separate *291 subheading dedicated to the issue: "Abdurahman and Adbul-Mumit -Analysis of Motions to Dismiss. I. Failure to Properly Plead Claims." J.A. 1471.[5] The district court framed all other grounds for dismissal as alternative holdings. Id. at 1473 ("Aside from insufficient pleading , there are additional legal bases to dismiss." (emphasis supplied) ).
Upon denying Appellants' motion to reconsider, the district court again reiterated the insufficiency of the pleading:
Most obviously, the Court provided 'independent basis for dismissal' by concluding 'the Abdurahman and Adbul-Mumit Complaints failed to satisfy federal pleading standards': The Complaints do not make a single, specific allegation about even one of hundreds of named plaintiffs, much less about any of the seven, remaining ... plaintiffs. Other arguments ... are simply recapitulations of their previously-rejected arguments that are improper on reconsideration.
Mem. Op. Denying Mot. to Reconsider at 6, Gentry v. Hyundai Motor Am. , No. 3:13-cv-00030 (W.D. Va. Aug. 14, 2013; filed Apr. 6, 2017) ECF No. 119.
Despite these clear holdings, Appellants make no citation to Twombly , Iqbal , or even Rule 8 of the Federal Rules of Civil Procedure (establishing the federal pleading standard) in their 55 page opening brief. And the Virginia state law arguments that Appellants raise are irrelevant to the concern that Appellants' complaints failed to satisfy pleading standards in federal court.[6]
Thus, we hold that Appellants have waived their challenge to the district court's conclusion that the complaints failed to satisfy federal pleading standards. Because this constituted an independent basis for the order below, we affirm the district court's dismissal of the Abdurahman and Adbul-Mumit actions.
IV.
Denial of Leave to Amend
Appellants also argue that the district court improperly denied their post judgment motions for leave to amend their complaints. We review a district court's denial of a postjudgment motion for leave to amend for abuse of discretion. See Laber v. Harvey , 438 F.3d 404, 427-28 (4th Cir. 2006).
A.
Appellants contend that the district court abused its discretion because Appellants did not have the benefit of a "definitive ruling" before their complaints were dismissed with prejudice. Oral Argument at 6:55-9:05, *292 Adbul-Mumit v. Alexandria Hyundai, LLC , No. 17-1582 (4th Cir. May 9, 2018) http://www.ca4.uscourts.gov/oral-argument/listen-tooral-arguments. According to Appellants, only a district court's "definitive ruling" on the pleadings is sufficient to place a plaintiff on notice of any deficiencies in the complaint and the possibility that the action might be later dismissed with finality. In other words, Appellants see "no need to amend until there's a reason to amend." Id. at 7:30.
Appellants' position has some degree of support in the Second and Seventh Circuits. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC , 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a [definitive] ruling [on the pleadings], many a plaintiff will not see the necessity of amendment."); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind. , 786 F.3d 510, 523 n.3 (7th Cir. 2015) ("A district court does not have the discretion to remove the liberal amendment standard by ... requiring plaintiffs to propose amendments before the court rules on a Rule 12(b)(6) motion on pain of forfeiture of the right to amend."). Even so, those circuits still allow the district court to dismiss with prejudice, without first issuing a definitive ruling, in some circumstances. See Loreley Fin. , 797 F.3d at 190 ("Our opinion today ... leaves unaltered the grounds on which denial of leave to amend has been long held proper."); Runnion , 786 F.3d at 519-20 ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted , the district court should grant leave to amend after granting a motion to dismiss." (emphasis supplied) ).
Other circuits do not categorically require a district court to issue a definitive ruling before dismissal with prejudice. See Rollins v. Wackenhut Serv., Inc. , 703 F.3d 122, 131 (D.C. Cir. 2012) (affirming district court's dismissal with prejudice of a complaint without a prior definitive ruling); Pet Quarters, Inc. v. Depository Trust & Clearing Corp. , 559 F.3d 772, 782 (8th Cir. 2009) (affirming dismissal with prejudice on futility grounds without prior opportunity to amend); Curley v. Perry , 246 F.3d 1278, 1284 (10th Cir. 2001) (affirming sua sponte dismissal with prejudice of meritless complaint).
Categorically requiring a district court to first provide a "definitive ruling" before dismissal with prejudice impedes a district court's inherent power to manage its docket. See Dietz v. Bouldin , --- U.S. ----, 136 S.Ct. 1885, 1892, 195 L.Ed.2d 161 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Likewise, such a requirement would be at odds with our general rule that the nature of dismissal is a matter for the discretion of the district court. See Carter v. Norfolk Cmty. Hosp. Ass'n, Inc. , 761 F.2d 970, 974 (4th Cir. 1985) ("[D]ismissal under Rule 12(b)(6) is ... with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion. " (emphasis supplied) ). Moreover, adopting the type of bright line rule Appellants urge would place an unyielding impetus on the district court to resolve pleading deficiencies, regardless of previous opportunities to amend or other extenuating circumstances. That is not the role of the court. The district court does not serve as a legal advisor to the parties, nor is a dispositive motion a "dry run" for the nonmovant to "wait and see" what the district court will decide before requesting leave to amend.
Instead, we leave the nature of dismissal to the sound discretion of the district court. See Carter , 761 F.2d at 974.
*293 B.
Plaintiffs whose actions are dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with prejudice. See Laber , 438 F.3d at 427-28. Appellants here did just that. See Mem. Supp. Mot. to Reconsider at 14, Gentry v. Hyundai Motor Am. , No. 3:13-cv-00030 (W.D. Va. Aug. 14, 2013; filed Feb. 8, 2017) ECF No. 112. We turn to that issue now.
We review a district court's denial of leave to amend for abuse of discretion. Laber , 438 F.3d at 427-28. "A court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered.' " Katyle v. Penn Nat. Gaming, Inc. , 637 F.3d 462, 471 (4th Cir. 2011) (quoting Laber , 438 F.3d at 427 ). Motions for leave to amend should generally be granted in light of "this Circuit's policy to liberally allow amendment." Galustian v. Peter , 591 F.3d 724, 729 (4th Cir. 2010). However, a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co. , 785 F.2d 503, 509 (4th Cir. 1986).
Prejudice to the opposing party "will often be determined by the nature of the amendment and its timing." Laber , 438 F.3d at 427. Generally, "[t]he further the case progressed before judgment was entered, the more likely it is that [subsequent] amendment will prejudice the defendant." Id . We look to the "particular circumstances" presented, including previous opportunities to amend and the reason for the amendment. Scott v. Family Dollar Stores, Inc. , 733 F.3d 105, 118-19 (4th Cir. 2013) (granting leave on a plaintiff's first request for leave where the "proposed amended complaint merely elaborates on an allegation in the original complaint"); see also Laber , 438 F.3d at 427-28 (considering both the timing of the amendment and the "alternative theory" for relief it advanced).
Reviewing the record here, we discern no abuse of discretion. The circumstances of the litigation below compel our conclusion that the nature and timing of the amendment would prejudice Hyundai.[7] Throughout the litigation below, Hyundai repeatedly challenged the sufficiency of Appellants' complaints-specifically on the ground that the complaints failed to plead facts pertinent to individual plaintiffs and defendants. These pleading deficiencies were the subject of status reports, meetings, and eventually a motion to dismiss. See Hyundai Status Report at 6, Gentry , ECF No. 82 (filed Jan. 8, 2016) ("Until the plaintiffs and their claims are identified, the parties do not have a meaningful reference point [to proceed]."); Resp. to Appellants'
*294 Letter at 2, Gentry , ECF No. 88 (filed July 13, 2016) ("[Hyundai has] been requesting this same information since August, 2014 .... The information is necessary to determine who is actually a plaintiff in the remanded matters."); Meet and Confer Report at 4-5, Gentry , ECF No. 90 (filed Aug. 22, 2016) ("It is in everyone's best interest to know who and how many plaintiffs are involved in this case .... [Hyundai] should not have to devote more resources trying to figure out who is suing them."); Mem. Supp. Mot. to Dismiss at 5, Gentry , ECF No. 91 (filed Aug. 22, 2016) ("Without identification and verification of those individuals actually alleging an injury, plaintiffs' claims should be dismissed."). Given that the MDL court remanded only some of the named plaintiffs' cases because these plaintiffs did not fall within the MDL class, Hyundai's demands were not unreasonable. Further, because the MDL court remanded the claims of only certain plaintiffs to the Western District of Virginia, the barebones complaints rendered impossible the district court's efforts to determine the extent of its jurisdiction.[8]
All of this time and energy, largely focused on the deficiency of the complaints, spanned the entirety of the 2016 calendar year. In June 2016-in the heat of this litigation concerning the sufficiency of the complaints-the district court twice granted Appellants leave to amend and explained "that the complaints may now be stale and in need of updating." Order to Confer at 2, Gentry , ECF No. 86 (filed June 21, 2016). Specifically, the district court stated,
[Amendment] might be further warranted because the [Adbul-Mumit and Abdurahman actions] contain dozens, if not hundreds, of named plaintiffs and defendants. Indeed, parts or all of these cases may be duplicative of Gentry . Furthermore, Defendants previously filed motions to dismiss the complaints in all three cases, but those motions were not resolved on the merits .... Given the proceedings in the MDL, the voluminous nature of the complaints, their possible duplication, and the fact Defendants never had their motions to dismiss adjudicated on the merits, the Court is attuned to the possibility that the complaints may now be stale and in need of updating.
Id . (internal citations omitted). After Appellants failed to meet the district court's original 21 day deadline, the court granted Appellants an additional 20 days. But once again, Appellants failed to amend.
And still, even after status reports, opportunities to amend, dispositive motions, dismissal with prejudice, and a post-judgment motion for leave to amend, Appellants have not once provided the district court with a proposed amendment purporting to cure the deficiencies. See Oral Argument at 6:40-6:55, Adbul-Mumit v. Alexandria Hyundai, LLC , No. 17-1582 (4th Cir. May 9, 2018), http://www.ca4.uscourts.gov/oral-argument/listen-tooral-arguments.
Faced with such resolute adherence to deficient complaints, the district court's decision to dismiss with prejudice was well within its discretion under the facts of this case.
V.
For the foregoing reasons, we dismiss the appeal in the Gentry action and affirm *295 the district court's dismissal of the Adbul-Mumit and Abdurahman actions.
DISMISSED IN PART, AFFIRMED IN PART

Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

Pursuant to Virginia's Lemon Law, "[a]ny consumer who suffers loss by reason of" a motor vehicle manufacturer's failure to "conform the motor vehicle to any applicable warranty" may bring a civil action. Va. Code §§ 59.1-207.13 -14.

The district court did not consolidate the three actions. However, all citations to court filings in this opinion appeared in the proceedings before the Western District of Virginia. Gentry v. Hyundai Motor Am. , No. 3:13-cv-00030, 2017 WL 354251 (W.D. Va. 2017).

We refer to the plaintiffs in those actions as "Appellants."

The district court's core concern at dismissal was that "the individual plaintiffs are simply named in the caption [of the complaint] and not mentioned again by name" and that all defendants are "lump[ed]" together with general allegations. J.A. 1471, 1472. The district court held, quite clearly, that this rendered their complaints deficient under Twombly and Iqbal . See id . at 1472 ("While each and every unique fact is not required, federal pleading standards nevertheless control in federal court, and the Complaints here fail those standards." (internal quotation marks and citation omitted) ).

Appellants filed their complaints in Virginia state court, and the actions were later removed to federal court. Responsible pleading practice compels counsel to carefully consider whether his or her complaint satisfies federal pleading standards upon removal. See 14B Charles Alan Wright et al., Federal Practice and Procedure § 3738 (4th ed.) ("[I]t has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.").

Moreover, the misleading and inconsistent assertions made on behalf of Appellants here also indicate bad faith. During oral argument, Appellants' counsel contended that he "asked seven times for leave to amend," but later conceded that these requests occurred "during" the period the district court had already granted leave to amend. Oral Argument at 6:20, 10:30, Adbul-Mumit v. Alexandria Hyundai, LLC , No. 17-1582 (4th Cir. May 9, 2018) http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. This is nonsensical. Further, these requests were only mentioned, in passing, in emails to the district court. Counsel never brought forward proposed amendments for the district court's consideration.
Counsel also represents that although he repeatedly "attempted" to seek leave, he "didn't think there was jurisdiction to amend" the complaints. Oral Argument at 34:30. Surely both cannot be true. Again-nonsensical.

Appellants allege that Hyundai is also in possession of information that would help inform the district court of the extent of its jurisdiction. Appellants' Br. at 41. This misses the point. The plaintiff is the master of the complaint and it is not incumbent on defendants to cure its deficiencies.