**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-1533**

———————

CATHERINE E. SHARKEY, individually and on behalf of all others similarly situated; RON SEVEAN,

                    Plaintiffs - Appellants,

        v.

FORTRESS SYSTEMS INTERNATIONAL, INC., d/b/a Fortress Mobile; ZHONG SU, a/k/a Jack Su, individually,

                    Defendants - Appellees.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:18-cv-00019-FDW-DCK)

———————

Submitted:  May 2, 2022                        Decided:  June 15, 2022

———————

Before NIEMEYER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** L. Michelle Gessner, GESSNERLAW, PLLC, Charlotte, North Carolina, for Appellants.  Frederick M. Thurman, Jr., SHUMAKER, LOOP & KENDRICK, LLP, Charlotte, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catherine Sharkey and Ron Sevean (collectively, "Plaintiffs") appeal the district court's order granting summary judgment in favor of Zhong Su and Fortress Systems International, Inc., d/b/a Fortress Mobile ("Fortress") (collectively, "Defendants"), on Sharkey's retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the court's subsequent order denying Plaintiffs' motion for a new trial in relation to the court's issuance of a directed verdict in favor of Defendants on Sharkey's pay disparity claims under Title VII and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (EPA). We affirm.

As to Sharkey's retaliation claim, "[w]e review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018) (internal quotation marks omitted). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

2

*Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007) (internal quotation marks omitted).

"A plaintiff may prove a Title VII retaliation claim either through direct evidence of retaliatory animus or via the application of the *McDonnell Douglas*[1] burden-shifting framework." *Roberts v. Glenn Indus. Grp.*, 998 F.3d 111, 122 (4th Cir. 2021). To establish a prima facie case of retaliation under the burden-shifting framework, a plaintiff must show that (1) she engaged in protected activity; (2) the employer took an adverse action against her; and (3) there is a "causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). Once a plaintiff establishes her prima facie case, the burden shifts to her employer "to show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). "If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating that the employer's purported nonretaliatory reasons were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted). We have reviewed the record and conclude that the district court did not err in finding that Sharkey failed to establish a prima facie case of retaliation.

Before moving to the merits of the district court's entry of a directed verdict on Sharkey's pay disparity claims, we first review the evidentiary rulings on which those decisions relied, starting with the court's imposition of sanctions in light of Plaintiffs'

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

failure to respond to, or later supplement their response to, an interrogatory during discovery. "We review for an abuse of discretion both the district court's finding of a disclosure violation and its decision to exclude evidence as a discovery sanction." *Benjamin v. Sparks*, 986 F.3d 332, 341 (4th Cir. 2021) (internal quotation marks omitted). If a party "who has responded to an interrogatory" later "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery phase or in writing," that party "must supplement or correct its disclosure or response . . . in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). A party who "fails to provide information" under Rule 26(e) "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In determining whether a party's nondisclosure is substantially justified or harmless, courts consider

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 397 (4th Cir. 2014) (citation omitted). "[A] district court is not required to tick through each of the[se] factors and retains broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Benjamin*, 986 F.3d at 343 (cleaned up). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Bresler v. Wilmington*

4

*Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). Our review of the record leads us to conclude that the district court did not abuse its discretion in concluding that Plaintiffs' failure to supplement their response to Defendants' interrogatories was not substantially justified or harmless, nor did the court abuse its discretion by therefore prohibiting Sharkey from relying on Sevean as a comparator at trial.

As to the parties' stipulations, "it is within the district court's discretion to reopen a case to admit new evidence." *Levy v. Lexington Cnty.*, 589 F.3d 708, 714 (4th Cir. 2009). In reviewing whether a district court abused its discretion by refusing to reopen a case to admit additional evidence, "we consider whether (1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) reopening will cause undue prejudice to the nonmoving party." *Id.* A court generally abuses its discretion by refusing to reopen a case "if its refusal to reopen works an injustice in the particular circumstances." *Id.* at 715 (internal quotation marks omitted). After reviewing the record, we conclude that the district court did not err in finding that the stipulations were not part of the case before the jury when they had neither been read into the record nor otherwise introduced into evidence.[2]

---

[2] Because Plaintiffs do not challenge the district court's decision under *Levy* to allow them to only partially reopen their case, they have forfeited consideration of that portion of the court's decision on appeal. *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 290 (4th Cir. 2018) ("[C]ontentions not raised in the argument section of the opening brief are abandoned." (internal quotation marks omitted)).

Finally, we review de novo a district court's grant of a motion for a directed verdict, construing the evidence in the light most favorable to the nonmoving party.[3] *Horne v. WTVR, LLC*, 893 F.3d 201, 210 (4th Cir. 2018). A district court should direct a verdict and withdraw the case from the jury when "the facts and the law will reasonably support only one conclusion," *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (internal quotation marks omitted), or "when any verdict in favor of the nonmoving party necessarily will be premised upon speculation and conjecture," *Horne*, 893 F.3d at 210 (internal quotation marks omitted). "The question is not whether there is no evidence, but whether there is sufficient evidence upon which a jury can properly proceed to reach a verdict, although a mere scintilla of evidence is not enough to defeat a motion for a directed verdict." *Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985) (citation omitted).

"To establish a prima facie case under the EPA, a plaintiff must demonstrate: (1) the employer paid different wages to an employee of the opposite sex, (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 196 (4th Cir. 2019). This standard requires a plaintiff to show that she and her comparators had "virtually identical jobs," which requires more than a showing that they held "the same title

---

[3] Although Plaintiffs appeal the district court's denial of their motion for a new trial regarding these claims, their arguments on appeal challenge the court's underlying grant of a directed verdict on those claims rather than the court's decision not to grant them a new trial. We therefore apply the standard of review for the grant of a directed verdict rather than the standard of review for the denial of a motion for a new trial.

6

and the same general responsibilit[ies]." *Id.* Upon review, we conclude that the district court did not err in finding that Sharkey did not present sufficient evidence at trial for her EPA claim to proceed to the jury.

In order to establish a claim of sex-based wage discrimination under Title VII, a plaintiff may proceed either through direct evidence discrimination or under the *McDonnell Douglas* burden-shifting framework. *Spencer v. Va. State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019). When proceeding under the *McDonnell Douglas* framework, a plaintiff must show that "(1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive." *Id.* Once the plaintiff establishes her prima facie case, the burden shifts to the employer to articulate a nondiscriminatory reason for the disparity, which the plaintiff must then prove "is merely pretextual for invidious discrimination." *Id.* at 208.

"Where, as here, the prima facie case of wage discrimination is based on comparators, the plaintiff must show that she is paid less than men in similar jobs." *Id.* at 207. A plaintiff proceeding under Title VII is only required to show that her job and the proposed comparators' jobs are "similar rather than equal"; however, this requires her to show that "the proposed comparators are not just similar in some respects, but similarly-situated in all respects." *Id.* (cleaned up). After reviewing the record, we conclude that the district court did not err in finding that Sharkey did not present sufficient evidence at trial for this claim to go to the jury.

8

We therefore affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*